UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE   NO.   09-21143-Civ-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

PEDRO RODRIGUEZ,                    :

    Petitioner,                    :

v.                                  :        REPORT OF
                                             MAGISTRATE JUDGE
WALTER A. McNEIL,                   :

    Respondent.                    :
_____

## I. Introduction

Pedro Rodriguez, who is presently confined at Dade Correctional Institution in Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F97-10236, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition and amended petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits, and the reply to that response.

## II. Procedural History

1

On July 16, 1997, a grand jury returned an indictment charging Rodriguez and five co-defendants with first degree murder (count one), attempted first degree murder (count two), felony causing bodily injury (count three), armed burglary (count four), attempted armed robbery (count five), and two counts of armed kidnaping (counts six and seven). (DE# 20,  App. B at p. 4-12).  These charges resulted from a home invasion robbery during which two victims were killed and one died.

After a jury trial, on March 25, 2003, the jury returned a verdict finding Rodriguez guilty of manslaughter with a firearm (count one), not guilty of count two, guilty of felony causing bodily injury (count three), guilty of burglary with a firearm (count four), guilty of attempted armed robbery (count five), not guilty of attempted kidnaping (counts six and seven). (DE# 22, App. E. at p. 391-393).  The evidence at trial included Rodriguez's confession to police, wherein he gave a detailed description of the events that occurred during the commission of the crime.   In addition to Rodriguez's confession, the State presented the testimony of a co-defendant, Abdiel Alas, who implicated Rodriguez. Another witness, Andres Gonzalez, testified that the day before the crime, Rodriguez told him he was going to do a job and he was going to get  money from a guy who was selling drugs.  Rodriguez attempted to recruit Gonzalez to participate.

On April 10, 2003, judgment was entered against Rodriguez on counts one, three, four and five (DE# 22, App. E at p. 400-402) and judgments of acquittal were entered on counts two, six and seven. (DE# 22, App. E at p. 403). On June 13, 2003, Rodriguez was sentenced to thirty years on counts one and three, life imprisonment on count four, and fifteen years on count five. (DE#

22, App. E at p. 461–465).

On July 11, 2003, Rodriguez filed a notice of appeal of his conviction and sentence. (DE# 24, App. G).  He raised three issues on appeal:

    I.   THE LOWER COURT ERRED IN DENYING THE MOTION TO SUPPRESS. MR. RODRIGUEZ WAS ARRESTED WITHOUT A WARRANT AND WITHOUT PROBABLE CASE (sic) BASED ON AN ANONYMOUS TIP. MOREOVER, MR. RODRIGUEZ INVOKED HIS RIGHT TO COUNSEL. AS A RESULT, MR. RODRIGUEZ'S RIGHTS UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS WERE VIOLATED.

    II.   THE TRIAL COURT ERRED IN ADMITTING THE INTRODUCTION OF IRRELEVANT AND HIGHLY PREJUDICIAL EVIDENCE AT TRIAL, THUS RENDERING MR. RODRIGUEZ'S TRIAL FUNDAMENTALLY UNFAIR IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

    III.  MR. RODRIGUEZ'S SIXTH AMENDMENT RIGHT TO CONFRONTATION AND RIGHT TO TRIAL BY JURY WERE VIOLATED AT SENTENCING BY THE COURT'S RELIANCE ON HEARSAY IN UPWARDLY DEPARTING MR. RODRIGUEZ'S SENTENCE AND BY THE FAILURE TO SUBMIT TO THE JURY THE FACTS RELIED ON BY THE COURT TO JUSTIFY THE UPWARD DEPARTURE SENTENCE.

(DE# 24, App. H).  On June 22, 2005, the Third District Court of Appeal issued its opinion.  The District Court found that: (1) the police had sufficient information to provide probable cause to arrest Rodriguez; (2) the admission of the gun and gloves was within the trial court's discretion; and (3) during sentencing the objection to the hearsay was sustained and Rodriguez requested no

further relief, thus no relief on issue three was warranted on appeal. <u>Rodriguez v. State</u>, 905 So. 2d 959 (Fla. 3rd DCA 2005). On July 14, 2005, the mandate issued. (DE# 24, App. L).

On August 8, 2005, Rodriguez filed a notice to invoke discretionary jurisdiction in the Florida Supreme Court. (DE# 24, App. M). On June 2, 2006, the Florida Supreme Court declined to review Rodriguez's case. (DE# 24, App. P).

On June 28, 2006, Rodriguez filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (DE# 25, App. Q). On August 3, 2006, without requiring a response from the State, the District Court denied Rodriguez's petition. (DE# 25, App. R).

On August 25, 2006, Rodriguez filed a petition for writ of certiorari. (DE# 25, App. S). On September 15, 2006, without requiring a response from the State, the District Court denied Rodriguez's petition. (DE# 25, App. T).

On June 26, 2006, Rodriguez filed a motion to correct illegal sentence in which he alleged:

> DEFENDANT CONTENDS THAT THE TRIAL COURT ERRED BY FAILING TO SET FACTUAL FINDING THAT DEFENDANT ACTUALLY POSSESSED A FIREARM UNDER FLORIDA STATUTE 775.087. THEREBY ENHANCING OR RECLASSIFYING THE CHARGED OFFENSES, THEREFORE INCREASING THE LEVELS AND DEGREE OF THE OFFENSES.

(DE# 25, App. U). On December 7, 2006, the State filed a response stating that the jury made a finding that Rodriguez actually possessed a firearm. (DE# 25, App. V). On December 22, 2006, the trial court denied the motion as follows:

> The Defendant argues that his sentence was improperly enhanced because the judge did not make a factual finding

4

that he possessed a firearm. It is the jury, not the judge, who must make that finding. See, Apprendi v. New Jersey, 530 U.S. 466 (2000). The jury in this case did make such a specific finding in their verdict (see verdict forms, attached hereto).

The Defendant argues that there was an error in his sentencing guideline scoresheets. This claim is procedurally barred because it should have been raised on direct appeal. See, Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995); Ragan v. State, 643 So.2d 1175 (Fla. 3rd DCA 1994). In addition, the court in this case granted the State's Motion to Depart from the Recommended Guideline Sentence and imposed a life sentence, so any alleged errors in the scoresheet are irrelevant.

(DE# 25, App. W).   Rodriguez did not appeal the denial of this motion.

On July 2, 2007, Rodriguez filed a motion for post conviction relief in which he raised the following claims:

1.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO RAISE A BRADY VIOLATION CLAIM AGAINST THE STATE FOR FAILING TO RETAIN AND RESERVE DETECTIVE BUTCHKO'S NOTES PERTAINING TO THE PRE-INTERVIEW STATEMENTS.

2.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO INVESTIGATE AND OBTAIN A COPY OF MIAMI-DADE POLICE DEPARTMENT'S POLICY REGARDING NOTES.

3.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR MISADVISING MR. RODRIGUEZ NOT TO ACCEPT ANY PLEA OFFER.

4.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO OBJECT TO THE COURT DISCUSSING A PLEA OFFER WITH MR. RODRIGUEZ WITHOUT THE USE OF A SWORN TRANSLATOR.

5.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO OBJECT TO TESTIMONY REGARDING UNCHARGED

CRIMES.

6.    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO FILE A MOTION IN LIMINE REGARDING POSSIBLE TESTIMONY ABOUT THE BULLETPROOF VEST AND POLICE BADGE THAT MR. RODRIGUEZ ALLEGEDLY WORE AND CARRIED DURING THE COMMISSION OF A ROBBERY/BURGLARY.

7.    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS THE GUN THAT WAS FOUND AT MR. RODRIGUEZ'S RESIDENCE.

8.    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO HAVE THE GUN THAT WAS RECOVERED FROM MR. RODRIGUEZ'S RESIDENCE TESTED BY AN EXPERT TO VERIFY THAT THE GUN NEVER HAD A SILENCER ATTACHED TO IT.

9.    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS THE GLOVES THAT WERE FOUND AT MR. RODRIGUEZ'S RESIDENCE.

10.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO HAVE THE GLOVES THAT WERE RECOVERED FROM MR. RODRIGUEZ'S RESIDENCE TESTED FOR GUN SHOT RESIDUE (GSR) TO PROVE THAT A GUN WAS NEVER DISCHARGED WHILE WEARING THOSE GLOVES.

11.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO IMPEACH ABDIEL ALAS.

      a.    COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO BRING OUT DISCREPANCIES IN REGARDS TO THE SENTENCE MR. ALAS PLED OUT TO.

      b.    COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO BRING OUT DISCREPANCIES IN REGARDS TO HOW MR. ALAS MET AND SPOKE TO MR. RODRIGUEZ.

12.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO DEPOSE AND PROPERLY PREPARE FOR TRIAL REGARDING STATE'S WITNESS, ANDRES GONZALEZ.

13.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO ARGUE DURING THE MOTION FOR JUDGMENT OF ACQUITTAL THAT THE STATE FAILED TO ESTABLISH AN ESSENTIAL ELEMENT (LACK OF CONSENT) ON THE BURGLARY

CHARGE.

14.   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO OBJECT TO, OR MOVE FOR MISTRIAL, WHEN THE STATE IMPROPERLY BOLSTERED THE CREDIBILITY OF THEIR WITNESSES DURING CLOSING ARGUMENTS.

15.   THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS DEPRIVED MR. RODRIGUEZ OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL REPRESENTED BY COMPETENT COUNSEL.

16.   THE DEFENDANT'S SENTENCE WAS DISPROPORTIONATE COMPARED TO THAT RECEIVED BY HIS CO-DEFENDANTS, WHO WERE MORE CULPABLE FOR THE CRIMES THAN HE WAS.

17.   THE DEFENDANT'S UPWARD DEPARTURE SENTENCE IS UNLAWFUL BECAUSE THE COURT FAILED TO FILE A WRITTEN REASON FOR DEPARTURE AS REQUIRED BY RULE 3.702(d)(18)(A), FLA. R. CRIM. P.

(DE# 25, App. X). On January 30, 2008, the trial court denied Rodriguez's claims as follows:

Claim One and Two: The Defendant claims his attorney was ineffective for failing to raise a Brady claim or obtain the Miami-Dade Police Department's policy on police notes when it was learned that Detective Butchko's notes had been destroyed.  Detective Hernandez testified that all officers incorporate the information from their notes into their police reports, the report is then reviewed by their supervisor, and then the notes are destroyed (see p. 617-621, 638-639, trial transcript attached hereto). The claim is without merit as police notes are not discoverable. See, Green v. State, 32 Fla. Law Weekly S619 (Fla. October 11, 2007); Geralds v. State, 601 So.2d 1157 (Fla. 1992). In addition, there is no allegation that the contents of the notes would have assisted the defense or altered the outcome of the trial, since the state did provide the reports of the officers.

7

Claim Three and Four: The Defendant claims his attorney was ineffective for failing to advise him of any plea offers and by not having a translator when he discussed the plea offer. The Defendant made it clear to his attorney, the State and the court that he was not interested in any plea offers, and would not even accept credit for time served because he did not want to have a criminal record (p. 1-3 trial transcript, attached hereto).

Claim Five and Six: The Defendant claims that his attorney was ineffective for failing to file a motion in limine and object to uncharged crimes related to testimony that at the time of the home invasion robbery he was wearing a bulletproof vest and carried a police badge. The evidence in this case showed that the Defendant forcibly entered the home of the victims, wearing a bulletproof vest and flashing a police badge, yelling "Policia" (see 220-226 trial transcripts, attached hereto). The vest and badge were part of the case against the Defendant and were admissible as inextricably intertwined evidence. His attorney was not ineffective for failing to make a motion or objection that had no merit. See, e.g., Vail v. State, 890 So.2d 373 (Fla. 3rd DCA 2004). Compare, O'Connor v. State, 835 So.2d 1226 (Fla. 4th DCA 2003)(evidence of bulletproof vest found in defendant's home was not relevant where there was no evidence the defendant wore the vest during the crime).

Claim Seven and Nine: The Defendant claims his attorney

8

was ineffective for failing to file a motion to suppress the gun and gloves found at his residence. The Defendant does not allege any facts in support of a motion to suppress; instead, he argues that there was little evidence to show that the gun seized from his house was the same gun used in the home invasion, and argues that there was no evidence that the robbers wore gloves. All of the arguments in his motion go to the weight of the evidence, not to its admissibility. In short, he claims the gloves and gun were not relevant, which is exactly the objection his attorney made to their introduction at trial (p. 502, 504).

The home invasion occurred on March 25, 1997. Detective Hernandez testified that sometime after midnight on March 28, 1997 the police responded to 2383 W. 55 Street in Hialeah because they believed the Defendant might be there. The Defendant was apprehended after he was caught running out the back of the house and trying to jump over a fence. (543-544). He initially told Detective Hernandez that he did not live at that house and did not know the woman who was there. (557-560). Detective Garafalo spoke to the female who lived in the house and learned her name was Claudia Quintero. She identified herself as the Defendant's wife and said she lived at that residence with the Defendant and many other people. (510). She signed a consent to search giving the police permission to search the house (560, 494-513). Detective Baez testified that, pursuant to this search, the gloves and gun were located. (633).

The Defendant has not alleged that his wife did not have

9

authority to consent to the search of the residence.  His attorney was not ineffective for failing to file a motion for which there was no lawful basis. <u>Foropoulos v. State</u>, 838 So.2d 1122 (Fla. 2002); <u>Ferryman v. State</u>, 919 So.2d 710(Fla. 5th DCA 2006); <u>State v. Martin</u>, 635 So.2d 1036 (Fla. 3rd DCA 1994)(the wife's voluntary consent to search was valid as against the absent nonobjecting defendant with whom authority over the premises was shared).

Claim Eight & Ten: The Defendant claims his attorney was ineffective for failing to have the gun tested to see if it had ever had a silencer attached or have the gloves tested for gunshot residue.

The Defendant provided a lengthy confession to the police admitting his involvement in the crimes. (557-602).  He admitted that the nine millimeter gun found in his home was the weapon he carried during the commission of the crimes. (P. 576-578, 591).  He told them he left it in the laundry basket of his home, where the police located it during the search.  The gun was admitted into evidence by the State at trial as Exhibit 49.  He further advised the police that he wore gloves during the commission of the crimes so he would not leave fingerprints and that he never fired the gun, but just threatened the victims with the gun (p. 223).

The evidence of guilt against the Defendant in this case was overwhelming.  He provided a very detailed statement to the police, describing how the crime was planned, who was involved, identifying the co-perpetrators from

photographic lineups and providing details of each person's involvement, including his own (557-602). The State presented testimony from Abdiel Alas, the victim's son-in-law who helped set up the crime and was testifying as a state witness in exchange for a lesser sentence. Alas provided details of the Defendant's and other perpetrator's activities in these crimes based on conversations he had with the Defendant in jail (370-386). The State presented the testimony from Andres Gonzalez regarding conversations he had with the Defendant shortly after the crimes where the Defendant admitted his involvement.

The only suggestion that the Defendant's gun had a silencer on the day of the crimes came from the testimony of Sandra Duran, a victim, who testified that she believed the gun had a silencer (p. 340-342). Her description of the gun carried by the Defendant was also somewhat different from the gun the Defendant admitted to brandishing during the home invasion.

There was no evidence that the Defendant ever discharged his weapon; as a result, since there was no ballistic evidence available for comparison, it was not necessary for the State to prove that the Defendant carried a particular firearm in order for the jury to find him guilty of the offenses. For the same reason, there would be no reason to seek a gunshot residue test of the gloves, since, although the Defendant admitted wearing gloves, he denied ever firing the weapon. The evidence in this case was overwhelming that the Defendant carried a firearm and committed the crimes, and the tests the

11

Defendant is now claiming his attorney should have requested would not have affected the outcome of the jury verdict.

Claim Eleven: The Defendant claims his attorney was ineffective for failing to adequately cross-examine Abdiel Alas.

a) The Defendant claims his attorney should have brought out the discrepancies between what the witness had been facing and what he actually received. During cross examination, the defense attorney brought out that Alas knew he was facing life in prison and that he made up his mind that he should take advantage of the opportunity to testify against the other in order to face less time in prison. He acknowledged that his sentence was 20 (twenty) years in prison and that he expected to serve about 12 (twelve) years, and had already been in custody for six (p. 403-408). The cross examination on March 19, 2003 was effective based on information available at the time of trial.

The Defendant argues that the Alas is presently serving a 13 (thirteen) year sentence, however he acknowledges that if this was based on a motion to mitigate pursuant to Rule 3.800 for his "outstanding service as a witness" the claim would be without merit. In this case, Alas filed a motion for mitigation on December 8, 2004 which the court granted on January 24, 2005 (see copy of motion and order, attached hereto). The grounds argued for mitigation arose after the Defendant's trial and were not based on his testimony against the Defendant.

12

b) The Defendant claims his attorney was ineffective for failing to bring out discrepancies regarding how he and Alas met. The Defendant's attorney extensively cross-examined Alas and was even granted a brief recess during the examination so that he could confer with this client about other matters to address (409, 387-416). Given all the evidence in this case, the alleged conflicts regarding circumstances of the meeting were insubstantial and would not have affected the outcome of the trial.

Claim Twelve: The Defendant claims his attorney was ineffective for failing to depose Andres Gonzalez and properly prepare for trial. The Defendant acknowledges that his attorney made numerous unsuccessful attempts to depose Gonzalez and that even the State was having difficulty locating this witness. Nonetheless, his attorney extensively cross-examined Gonzalez. (p. 527-534). The Defendant claims that if he had taken the deposition of Gonzalez he would have been better able to explore the ownership of all the weapons in his (Gonzalez's) possession and his possible involvement in the crime. Gonzalez admitted on cross-examination that he was in possession of numerous weapons at the time of his arrest, but denied owning all of them. (535). The Defendant has not pointed to anything that would show that the witness would have answered differently if he had been deposed, nor what difference the actual ownership of any of the weapons would have made in the case. The Defendant and his codefendants were convicted of an armed home invasion robbery and murder, and it did not make any difference who owned the guns they were

13

brandishing.   The Defendant has failed to show how the deposition would have affected the outcome of the case. See, Cunningham v. State, 748 So.2d 328 (Fla. 4th DCA 1999).

Claim Thirteen: The Defendant claims his attorney was ineffective for failing to argue that the State did not prove "lack of consent" to the burglary charge at the judgment of acquittal.   There was a plethora of evidence for the court to find that the State has presented sufficient evidence that the victims (both living and deceased) had not consented to six armed men (including the Defendant) forcibly entering their home, forcing them into separate rooms, threatening to kill them, firing the guns to scare them, threatening to shoot a nine-year old child, shooting and killing one man, and generally terrorizing all of the people in the home while demanding drugs and money.   The claim has no merit.

Claim Fourteen: The Defendant claims his attorney was ineffective for failing to object to the State's closing argument which he argues improperly bolstered the credibility of their witnesses.   The prosecutor did not vouch for or bolster the credibility of his witnesses; instead, he discussed each witnesses' testimony in relation to the jury instructions on "Weighing the Evidence". (p. 52-53, record on appeal, p. 761, transcripts). He explained that the court would instruct them to consider such things as whether the witness had an opportunity to see and know things about which they testified (762), and consider whether the Defendant, who testified, had an interest in how the case should be

decided (763). He discussed the witness's testimony in relation to whether they could see or know the things about which they testified. (765). He told them they should consider whether the witness was honest and straight forward in answering the attorney's questions when assessing the testimony of the Defendant and other witnesses. (765-776). The prosecutor simply used the jury instruction as theme for his initial closing argument and did not vouch for the witnesses' credibility or improperly bolster (758-797).

Claim Fifteen: The Defendant claims that the cumulative effect of trial counsel's error deprived him of a fair trial. The court finds that the Defendant's attorney effectively represented him, finds no basis for any of the claims raised, and therefore no basis for relief based on the claimed "cumulative effect."

Claim Sixteen: The Defendant claims that his sentence was disproportionate compared to the sentences received by his codefendants. All but one of his codefendants negotiated pleas with the State and received various terms of imprisonment. Codefendant Electo Echevarria was the only other defendant who chose to go to trial, and was sentenced to life in prison after being convicted of first degree murder. The Defendant in this case chose not to engage in plea negotiations (see claim Three and Four above) and was convicted at trial. The sentences imposed by the court were lawful sentences and the Defendant has not stated a lawful basis for relief.

Claim Seventeen: The Defendant claims his upward

15

departure sentence was unlawful because the court failed
to file a written reason for departure.  This claim is
not cognizable under Rule 3.850.  <u>Lashley v. State</u>, 741
So.2d 1149 (Fla. 2nd DCA 1999).

(DE# 26, App. Z).

On February 14, 2008, Rodriguez filed a motion for rehearing
alleging that he never received a copy of the State's response and
arguing why the trial court improperly denied his claims. (DE# 27,
App. AA). On March 10, 2008, the trial court entered an order on
Rodriguez's motion for rehearing allowing Rodriguez time to reply
to the State's response. (DE# 27, App. BB). On May 2, 2008,
Rodriguez filed a reply to the State's response. (DE# 27, App. CC).
On May 30, 2008, the trial court entered an order denying
Rodriguez's motion for rehearing. (DE# 27, App. DD).

On June 12, 2008, Rodriguez filed a notice of appeal of the
denial of his motion for post conviction relief. (DE# 27, App. EE).
On August 15, 2008, the District Court ordered the State to respond
to the denial of claim seventeen only (DE# 27, App. FF) and on
October 2, 2008 the State responded. (DE# 27, App. GG). On October
22, 2008, the Third District Court of Appeal *per curiam* affirmed,
without written opinion, the denial of Rodriguez's motion for post
conviction relief. (DE# 27, App. HH). On November 3, 2008,
Rodriguez filed a motion for rehearing (DE# 27, App. II) which the
District Court denied. (DE# 27, App. JJ). On December 11, 2008, the
mandate issued. (DE# 27, App. KK).

On July 2, 2009 [1], Rodriguez filed an amended petition in

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with
the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. United
States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed
when executed and delivered to prison authorities for mailing).

which he raises the following claims:

1.   PETITIONER'S SIXTH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO IMPEACH PROSECUTION'S KEY WITNESS, DETECTIVE J.C. HERNANDEZ.

2.   PETITIONER WAS DENIED A FAIR AND IMPARTIAL TRIAL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT BY COUNSEL FAILING TO IMPEACH THE OTHER MAIN WITNESS, CO-DEFENDANT ABDIEL ALAS.

3.   PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS WERE VIOLATED WHEN TRIAL COUNSEL FAILED TO RAISE A BRADY VIOLATION CLAIM.

4.   PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT WS VIOLATED WHEN DEFENSE COUNSEL FAILED TO INVESTIGATE AND OBTAIN A COPY OF MIAMI-DAY (sic) POLICE DEPARTMENT'S POLICY REGARDING NOTES.

5.   PETITIONER'S 6TH AND 14TH AMENDMENT RIGHTS TO DUE PROCESS WERE VIOLATED WHEN COUNSEL MISADVISED PETITIONER NOT TO ACCEPT ANY PLEA OFFER.

6.   PETITIONER'S RIGHTS OF DUE PROCESS GUARANTEE BY 5TH, 6TH, AND 14TH AMENDMENT WERE VIOLATED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE COURT DISCUSSING A PLEA OFFER WITH MR. RODRIGUEZ WITHOUT THE USE OF A TRANSLATOR.

7.   PETITIONER'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL GUARANTEED BY THE 6TH AND 14TH AMENDMENT WAS VIOLATED BY DEFENSE COUNSEL'S FAILING TO OBJECT TO TESTIMONY REGARDING UNCHARGED CRIMES.

8.   PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS GUARANTEE BY THE SIXTH AMENDMENT WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE GUN, THE GLOVES AND THE BLACK BOOTS THAT WERE FOUND AT MR. RODRIGUEZ'S RESIDENCE.

9.   PETITIONER'S SIXTH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO IMPEACH ALAS, ALSO FAILED TO BRING OUT DISCREPANCIES IN REGARDS TO THE SENTENCE CO-PETITIONER, MR. ALAS PLED OUT TO.

17

10.   PETITIONER WAS DENIED A FAIR TRIAL GUARANTEE BY THE
      SIXTH AND FOURTEEN AMENDMENT WHEN COUNSEL FAILED TO
      DEPOSE STATE'S WITNESS, ANDREA GONZALEZ.

11.   PETITIONER'S SIXTH AMENDMENT RIGHT TO DUE PROCESS
      WAS VIOLATED WHEN DEFENSE COUNSEL FAILED TO ARGUE
      ON MOTION FOR JUDGMENT OF ACQUITTAL THAT THE STATE
      FAILED TO ESTABLISH AN ESSENTIAL ELEMENT (LACK OF
      CONSENT) ON THE BURGLARY CHARGE.

12.   PETITIONER WAS CONSTITUTIONALLY DENIED A FAIR TRIAL
      GUARANTEE BY THE SIXTH AND 14TH AMENDMENT OF THE
      UNITED STATES CONSTITUTION WHEN DEFENSE COUNSEL
      FAILING TO OBJECT OR MOVE FOR MISTRIAL WHEN THE
      STATE IMPROPERLY BOLSTERED THE CREDIBILITY OF THEIR
      WITNESSES DURING CLOSING ARGUMENT.

13.   PETITIONER'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL
      GUARANTEE BY THE SIXTH AND FOURTEENTH AMENDMENT WAS
      VIOLATED DUE TO CUMULATIVE EFFECT OF DEFENSE
      COUNSEL'S ERRORS.

14.   PETITIONER SUFFERED PREJUDICE AND WAS DENIED EQUAL
      PROTECTION OF LAW GUARANTEE BY THE 14TH AMENDMENT
      OF THE UNITED STATES CONSTITUTION WHEN HIS SENTENCE
      WAS DISPROPORTIONATE COMPARED TO THAT RECEIVED BY
      HIS CO-PETITIONERS WHO WERE MORE CULPABLE THAN HE
      WAS.

15.   PETITIONER'S RIGHT TO DUE PROCESS GUARANTEE BY THE
      6TH AND 14TH AMENDMENT WAS VIOLATED WHEN THE LOWER
      COURT ALLOWED INTRODUCTION OF HEARSAY EVIDENCE OF
      SERGEANT   JIMENEZ;   DETECTIVE   BUTCHKO,   IDELMIS
      GURRUCHAGA, OVER DEFENSE OBJECTION TO FORM THE
      BASIS OF GRANTING AN UPWARD DEPARTURE WITHOUT A
      WRITTEN REASON.


## III. Statute of Limitations

The Respondent concedes the instant petition was timely filed.


## IV. Exhaustion and Procedural Default

The Respondent concedes that grounds one through thirteen are

exhausted because Rodriguez presented them to the State court.  The Respondent contends that grounds fourteen and fifteen have not been exhausted, arguing that these two claims were not presented as federal constitutional claims.

Ground fourteen was raised in Rodriguez's motion for post conviction relief, however, as pointed out by the Respondent, it was not raised as a federal constitutional claim.  Rodriguez's state court claim was presented in the following form: "The Defendant's sentence was disproportionate compared to that received by his co-defendants, who were more culpable for the crimes than he was." (DE# 25, App. X).  Rodriguez did not cite to any federal law when he raised this claim in State court.  In this petition Rodriguez raises the claim in terms of equal protection, Rodriguez's claim in the State court made no reference to equal protection or any other federal basis for relief.  His sole claim in the State court was that the sentence was disproportionate to the sentences received by some of his co-defendants.

Ground fifteen was raised in Rodriguez's motion for post conviction relief, but again, as pointed out by the Respondent, it was not raised as a federal constitutional claim.  Rodriguez's State court claim was presented in the following form: "The Defendant's upward departure sentence is unlawful because the court failed to file a written reason for departure as required by rule 3.702(d)(18)(A), Fla R. Crim. P." (DE# 25, App. X).  In this petition Rodriguez raises this claim in terms of Due Process.  Rodriguez's State court claim made no reference to due process or any federal basis for relief.  The claim in the State court dealt solely with a matter of State law.  Rodriguez also adds that hearsay served as a basis for his upward departure sentence.  Such a claim was not raised in State court.  The claim is therefore

19

unexhausted.

A federal district court may not grant habeas corpus relief pursuant to 28 U.S.C. § 2254 unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Claims fourteen and fifteen were not raised a federal constitutional claims and are therefore, not exhausted.

It would be futile to dismiss the petition and allow Rodriguez to exhaust this claim because it would be procedurally barred and time barred. Vining v. State, 827 So.2d 201, 211-213 (Fla. 2002). Consequently, there is no longer a remedy available in state court regarding this issue. Therefore, requiring Rodriguez to return to state court only to make a futile application for relief simply delays the federal court's adjudication of his petition. Kelley v. Sec'y for Dept' of Corr., 377 F. 3d 1317, 1351 (11th Cir. 2004). Where it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, it is appropriate to treat those claims now barred by state law as providing no basis for federal habeas relief. Id. Because exhaustion would be futile, Rodriguez's lack of exhaustion on this claim has now ripened into procedural default. Givens v. Green, 12 F.3d 1041 (11th Cir. 1994); Collier v. Jones, 910 F.2d 770, 773 (11th Cir. 1990) (Where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well); Allen v. Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). These claims are, therefore, procedurally defaulted from federal review.

"A habeas petitioner can escape the procedure default doctrine either through showing cause for the default and prejudice, <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986), or establishing a 'fundamental miscarriage of justice.'" <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1306 (11th Cir. 1999) quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324-327 (1995). To demonstrate a miscarriage of justice, a petitioner must make "a colorable showing of actual innocence." <u>Bailey v. Nagle</u>, 172 F. 3d 1299, 1306 (11th Cir. 1999). A prisoner claiming actual innocence as a means of escaping procedural default "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" <u>House v. Bell</u>, 126 S.Ct. 2064, 2076-77, 165 L.Ed. 2d 1 (2006) quoting <u>Schlup v. Delo</u>, 512 U.S. at 327. Rodriguez has not demonstrated either cause and prejudice or actual innocence.  A claim of "cause would also have to be exhausted first in state court." <u>Jimenez v. McDonough</u>, 481 F.3d 1337 (11th Cir. 2007) (To have fully exhausted his state remedies, a federal habeas petitioner must have alerted state courts to any federal claims so as to allow them an opportunity to review and correct the claimed violations of his federal rights.)

Rodriguez has not argued any exception to the exhaustion bar. He has not established cause for failing to raise these claims on constitutional grounds in State court.  He has also not attempted to establish any prejudice.  Grounds fourteen and fifteen are unexhausted and procedurally barred and no relief can be granted.

<u>V. Standard of Review</u>

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to,

21

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Williams</u>, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. <u>Hall v. Head</u>, 310 F.3d 683, 690 (11th Cir. 2002) (citing <u>Williams</u>, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. <u>See</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. <u>Id.</u> Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and

convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).

In the instant case, Rodriguez seeks habeas relief based on, among other grounds, ineffective assistance of counsel. The United States Supreme Court clearly established the law governing such claims in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. <u>Id.</u> at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. <u>Id.</u> The judiciary's scrutiny of counsel's performance is highly deferential. <u>Id.</u> at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. <u>Id.</u> at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. <u>Id.</u>

A defendant must satisfy both the deficiency and prejudice prongs set forth in <u>Strickland</u> to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. <u>Strickland</u>, 466 U.S. at 697.

There is a narrow exception to the requirement that a defendant must demonstrate prejudice when counsel is ineffective <u>per se</u>. That is, a showing of prejudice is unnecessary if there are circumstances "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984). The exception applies and prejudice is presumed if: "(1) counsel is

completely denied; (2) counsel is denied at a critical stage of trial; or (3) counsel 'entirely' fails to subject the prosecution's case to meaningful adversarial testing." Johnson v. Alabama, 256 F.3d 1156, 1187 n. 17 (11th Cir. 2001); see Cronic, 466 U.S. at 658.   "The burden of proof under Cronic is a very heavy one." Frazier v. Sec'y, Dep't of Corr., 197 Fed. Appx. 868, 872 (11th Cir. 2006).   Cronic's presumption of prejudice "applies to only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." Frazier, 197 Fed. Appx. at 872 (quoting Chadwick v. Green, 740 F.2d 897, 900 (11th Cir. 1984)).

## VI. Discussion

Rodriguez presents a total of fifteen claims in his petition. Claims one through twelve allege individual instances of alleged ineffective assistance of counsel.   Claim thirteen is claim of ineffective assistance of counsel based on cumulative effect. Claims fourteen and fifteen are due process claims directed at the process used in sentencing.

(I)

In his first claim, Rodriguez contends that trial counsel was ineffective for failing to impeach Detective Hernandez.   In support of this claim, Rodriguez alleges that "counsel utterly failed to investigate and obtain the Miami-Dade police department policy, which contradicted Hernandez's trial testimony that he was required to destroy his notes about Rodriguez's alleged confession." Rodriguez raised this claim in State court in his motion for post conviction relief.   The trial court denied the claim.

In denying the claim the trial court found that this claim was without merit because, under Florida law, police notes are not

discoverable.  The trial court noted that the detective testified that all officers incorporate their notes into the police reports and then the notes are destroyed.  The trial court further found that there was no allegation that the contents of the notes would have assisted the defense.

Rodriguez claims that counsel's performance was deficient because he failed to obtain a copy of the police policy on retention of notes.  He claims this policy could have been used to impeach Hernandez's testimony that once the report is completed the notes are destroyed.  However, trial counsel was able to cross-examine Hernandez regarding the destruction of notes and the departmental policy.  It was not necessary to obtain a copy of the policy in order to effectively impeach Hernandez and trial counsel was not deficient for failing to do so.  A finding that counsel's performance was not deficient ends the inquiry under Strickland. U.S. v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992).

However,  even if counsel's performance was deficient, defendants are not entitled to relief when they suffer no prejudice. Brown v. Artuz, 124 F. 3d 73, 80-81 (2nd Cir. 1997).

Rodriguez failed to establish the prejudice prong of Strickland.  As found by the trial court there was overwhelming evidence of Rodriguez's guilt, including the testimony of a co-defendant and Rodriguez's own confession.  There is no indication that the outcome of the trial would have been any different had a copy of the police department policy been obtained. There is nothing in the record to suggest that the policy would have contradicted Detective Hernandez's testimony.

(II)

In his second claim, Rodriguez contends that trial counsel was ineffective for "failing to impeach the other main witness, co-defendant Abdiel Alas." Rodriguez alleges that Alas's testimony at trial about how he met Rodriguez was contradicted by a prior deposition and that counsel failed to impeach Alas with this allegedly inconsistent prior statement. Rodriguez also alleges that counsel did not effectively impeach Alas with information about his sentence.

Rodriguez raised this claim in his motion for post conviction relief. The trial court denied the claim finding that (1) the alleged conflicts regarding the circumstances of the meeting were insubstantial and would not have affected the outcome of the trial; and (2) counsel cross-examined Alas regarding his sentence and such cross-examination was effective based on the information available at the time of trial. The trial court noted that the reduction in Alas sentence occurred subsequent to Rodriguez's trial and was not based on Alas' trial testimony. The trial court also found that trial counsel extensively cross-examined Alas and was given a recess to discuss any additional questions with Rodriguez.

Trial counsel effectively cross-examined Alas regarding the circumstances of his meetings with Rodriguez. (T. 387-416). Defense counsel would not have been permitted to impeach the witness with his prior deposition testimony as there was no direct contradiction. In his deposition, Alas testified that he was in a holding cell at the courthouse with Rodriguez. Rafael Nunez was in another cell. (DE# 27, App. LL at p. 32 - 33). Alas also testified in the deposition, that on another occasion, all of the co-defendants were in a holding cell together and talked about the incident. (DE# 27, App. LL at p. 40 – 46). There were several more conversations among Alas and the co-defendants. (DE# 27, App. LL).

During the deposition, Alas testified that Rafael pointed out Rodriguez to him at the jail "because he was the only one that was in prison at that time." (DE# 27, App. LL at p. 96). At trial Alas testified that he met Rodriguez in a holding cell with Electo Echevarria. (T. 372). On direct examination, Alas testified that the first time he met Rodriguez was when he was introduced by Rafael Nunez in a holding cell. (T. 373). There is no indication in the deposition that the circumstances of their first meeting were any different from his trial testimony. There is no indication in the deposition whether the first time he met Rodriguez was with or without Rafael Nunez.

Under Florida law, a prior statement of a witness is admissible if the prior statement directly contradicts the testimony, or if there is a material difference between the two. State v. Hoggins, 718 So.2d 761 (Fla. 1998). In this case the statements were not truly inconsistent and any attempt to impeach with this statement would not have been permitted by the trial court. The inconsistency, if any, was minor and defense counsel cannot be found deficient. A finding that counsel's performance was not deficient ends the inquiry under Strickland. U.S. v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992).

However, even if counsel's performance was deficient, defendants are not entitled to relief when they suffer no prejudice. Brown v. Artuz, 124 F. 3d 73, 80-81 (2nd Cir. 1997)

Rodriguez failed to establish the prejudice prong of Strickland. As the trial court noted, in light of the overwhelming evidence of Defendant's guilt, the issue of how the Alas and Rodriguez met would not have made an impact on the outcome of the trial. Even if defense counsel would have presented the alleged

inconsistent statement, the fact of who was present when the two met would not have affected the outcome of the trial.

(III)

In his third claim, Rodriguez contends that trial counsel was ineffective for failing "to raise a Brady[2] violation claim ."  He alleges that counsel should have raised a Brady claim against the State for failing to retain Detective Butchko's notes pertaining to pre-interview statements.

Rodriguez raised this claim in State court in his motion for post conviction relief.  The trial court denied the claim, finding it to be without merit.  The court found that police notes are not discoverable under Florida law. See, Green v. State, 32 Fla. Law Weekly S619 (Fla. October 11, 2007); Geralds v. State, 601 So.2d 1157 (Fla. 1992).

Since the police notes are not discoverable no violation occurred when the police destroyed their notes after incorporating them into their reports.  Therefore, counsel had no reason to raise a Brady claim and was not ineffective for raising a non-meritorious claim. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

(IV)

In his fourth claim, Rodriguez contends that trial counsel was ineffective for failing to investigate and obtain a copy of Miami-Dade Police Department's policy regarding notes.

This claim is substantially the same as that raised in ground one.  It will be denied for the reasons noted.

---

[2]Brady v. Maryland, 373 U.S. 83, 87 (1963)

28

(V) & (VI)

Rodriguez's fifth and sixth claims involve plea offers and will be addressed together.

In his fifth claim, Rodriguez contends that trial counsel was ineffective for misadvising him not to accept any plea offer.  In his sixth claim, Rodriguez contends that trial counsel was ineffective for failing to object to the court discussing a plea offer without an interpreter.

Rodriguez raised these claims in State court in his motion for post conviction relief.  The court denied the claims by citing to the record that established that there was no plea offer.  The trial court also found that the record established that Rodriguez was not interested in a plea offer.  Rodriguez stated on the record that he did not want a plea because he did not want a record. Rodriguez would not even consider credit for time served.

The trial court's ruling on this issue is supported by the record.  Rodriguez's claim is quite simply refuted by the record. Counsel was not ineffective for failing to object to any issue regarding a plea as there was no plea offered. Counsel cannot be found ineffective for failing to raise a non-meritorious claim. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

(VII)

In his seventh claim, Rodriguez contends that counsel was ineffective for failing to object to testimony that he wore a bullet proof vest during the robbery.  He argues that he was prejudiced by this testimony.

This claim was raised in State court.  The State court denied this claim finding that any objection would have been meritless. The State court reasoned that the testimony regarding the bulletproof vest was inextricably intertwined with the case against Rodriguez.  As the State court noted, such evidence is admissible in Florida. See Vail v. State, 890 So. 2d 373 (3d DCA 2004). Rodriguez has not argued how the State court's ruling on this issue was contrary to or an unreasonable application of  controlling law. The State court's ruling was correct in that counsel cannot be ineffective for failing to raise a meritless objection. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

(VIII)

In his eighth claim Rodriguez contends that counsel was ineffective for failing to file a motion to suppress the gun, gloves and boots found at his home.  He argues that the only link between the gun and the crime was his admission to police officers that it was the gun he used during the robbery.

The State court denied this claim, finding that the Rodriguez was arguing that the gun, gloves and boots were not relevant.  The State court found that counsel had made just such an argument and could therefore not be found ineffective.  The State court's ruling was correct in that counsel cannot be ineffective for failing to raise a meritless objection. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

The State court further found that Rodriquez had not presented any argument in support of a motion to suppress on Fourth Amendment grounds.  The State court found that Rodriguez's wife signed a consent to search so that there would be no lawful basis for such a motion.  The State court found that counsel had no grounds to

30

object.

Rodriguez has not presented any argument that the State court's ruling was in error. A review of the record in this case shows that the State court's ruling was not contrary to or an unreasonable application of controlling law.

(IX)

In his ninth claim Rodriguez contends that counsel was ineffective for not adequately impeaching co-defendant Alas. In one regard this is a repetition of claim two. Rodriguez again argues that counsel should have impeached Alas with is prior deposition, however Rodriguez also argues that counsel should have cross-examined Alas regarding his sentence.

The State court addressed this claim and found that counsel cross-examined Alas regarding his sentencing options. Counsel brought out that Alas faced life in prison but decided to testify in order to receive a sentence of twenty years and that he expected to serve about twelve. The State court found that any further mitigation of sentence occurred after the Rodriguez's trial and would not have been known by counsel. The State court found that trial counsel was therefore effective in his cross-examination on this issue.

Again, Rodriguez has not presented any argument that the State court's ruling was in error. A review of the record in this case shows that the State court's ruling was not contrary to or an unreasonable application of controlling law.

(X)

In his tenth claim Rodriguez contends that trial counsel was

31

ineffective for failing to depose Andres Gonzalez.  He argues that had counsel deposed Gonzalez he would have been able to explore the ownership of all of Gonzalez's weapons and his possible involvement in the robbery.

The State court addressed this claim and found that trial counsel made numerous attempts to depose Gonzalez and that the State had difficulty locating Gonzalez.  The court further found that Rodriguez failed to identify how a deposition would have changed Gonzalez's testimony.  In short the State court properly found that, based on the record, Rodriguez had failed to establish any deficiency in counsel's performance or prejudice due to the lack of a deposition.

(XI)

In his eleventh claim Rodriguez contends that counsel was ineffective for failing to argue for a judgment of acquittal on the burglary charge.  He argues that the State failed to establish a burglary because none of the victims testified that they did not consent to the entry.

The State court properly found this claim to be wholly without merit.  As the State court noted, "there was a plethora of evidence" establishing that the entry was without consent.  The victims were confronted with six armed men who forcibly entered their home, threatened to kill them, fired their weapons and killed one of the residents.  In light of this evidence an argument that the entry may have been consensual would have been without merit. Counsel was not ineffective for failing to make a meritless argument. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

(XII)

In his twelfth claim Rodriguez contends that counsel was ineffective for failing to object to the prosecutor's alleged improper bolstering of witnesses.  He argues that the prosecutor's closing argument rendered his trial fundamentally unfair.

The State court addressed this claim and found that the counsel was not ineffective.  The State court found that the prosecutor's closing argument did not improperly bolster the credibility of the State's witnesses.  In reaching this decision the State court considered the entire closing argument and found that the prosecutor utilized the jury instructions as a template for his argument.  He argued the evidence in relation to the instructions on how to evaluate the testimony of the witnesses.

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Thomas, 8 F.3d 1552, 1561 (11th Cir.1993) (citing United States v. McLain, 823 F.2d 1457, 1462 (11th Cir.1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." Id. (citing United States v. Bascaro, 742 F.2d 1335, 1353 (11th Cir.1984)).

Here, as recognized by the State court, the prosecutor applied the jury instructions on weighing evidence and considering testimony as a template for his closing argument.  This argument was proper.  Thus any objection would have been overruled and counsel was not ineffective for failing to object.

Even if the argument could be deemed improper, Rodriguez was not prejudiced.  Improper comments by a prosecutor warrant habeas

corpus relief only if the remarks are so egregious that the proceedings are rendered fundamentally unfair. See Cargill v. Turpin, 120 F.3d 1366 (11th Cir.1997). "If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." Tucker v. Kemp, 802 F.2d 1293, 1296 (11th Cir.1986) ( en banc ), cert. denied, 480 U.S. 911, 107 S.Ct. 1359, 94 L.Ed.2d 529 (1987). A court must evaluate an allegedly improper comment in the context of the entire argument and the trial in it entirety. Branch v. Estelle, 631 F.2d 1229, 1233 (5th Cir.1980). "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. at 181, quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Here, in light of the extensive evidence of guilt, it cannot be said that the prosecutor's comments, even if improper, denied Rodriguez due process. Rodriguez's admission of guilt was presented to the jury. Rodriguez was directly implicated by two witnesses based on conversations he had with them. Even without the complained of argument the outcome of the trial would have been no different.

Rodriguez has failed to establish that counsel was ineffective or that he was prejudiced on any of his claims of ineffective assistance of counsel. Rodriguez has not established that he is entitled to relief on the basis of these claims. He has not shown that the trial court's adjudication of these claims was contrary to, or an unreasonable application of, clearly established federal law. The trial court's determination of the facts was reasonable in light of the evidence presented in the State court proceedings.

34

(XIII)

Rodriguez's thirteenth claim is that he was denied a fair trial due to cumulative effect of counsel's alleged errors. As Rodriguez has failed to establish any error on the part of counsel there can be no cumulative effect. See United States v. Barshov, 733 F.2d 842, 852 (11th Cir.1984) ("Without harmful errors, there can be no cumulative effect compelling reversal.").

(XIV & XV)

As discussed above, Rodriguez's fourteenth and fifteeenth claims are unexhausted and will not be addressed on the merits.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 26th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Pedro Rodriguez, pro se
     DC# M42336
     Dade Correctional Institution
     19000 S.W. 377th Street
     Suite 300
     Florida City, FL 33034

```
Heidi Milan Caballero, AAG
Office of the Attorney General
444 Brickell Ave., Suite 650
Miami, FL 33131
```